IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONAL OFFICER ROSE, *et al.*,<br><br>　　　　Respondent. | NO. CV 25-3535-ODW (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THE CLAIMS AGAINST THE FBI DEFENDANTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |

　　　　Plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint on April 17, 2025. The complaint names various defendants including the Federal Bureau of Investigation ("FBI"), FBI Special Agent Moultrie, and FBI Special Agent Harris (collectively, "FBI Defendants"). Plaintiff seeks a "full investigation by the FBI into all my allegations." (Compl., Dkt. No. 1 at 17.) The court orders Petitioner to show cause, in writing, on or before ***July 21, 2025***, why the court should not recommend dismissal of the claims against the FBI Defendants with prejudice.

1

# I.

# **PROCEDURAL HISTORY**

Plaintiff, who is incarcerated in California State Prison, Los Angeles County ("CSP-LAC"), filed a civil rights complaint against the following defendants: (1) Correctional Officer Rose; (2) Correctional Officer Costillo; (3) Ms. Young, a cook; (4) FBI Special Agent Moultrie; (5) the FBI; and (6) FBI Agent Harris. (Dkt. No. 1 at 1, 14, 15.)[1] All of the individual defendants are sued in their individual capacity.

# II.

# **DISCUSSION**

To state a claim under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff sues the FBI Defendants and seeks a "full investigation by the FBI into all my allegations." (Compl., Dkt. No. 1 at 17.)

"[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). A federal court cannot compel the FBI to conduct a criminal investigation. *See, e.g., Bullock v. Sheela*, 2018 U.S. Dist. LEXIS 33733, *6-*7 (E.D. Cal. Feb.

---

[1] All citations are to the page numbers assigned by CM/ECF in the header of the document.

28, 2018) ("Federal courts cannot instigate criminal investigations and prosecutions, and cannot compel a prosecutorial authority to do so."); *see also* *McKinney v. Mailroom Officer*, 2024 U.S. Dist. LEXIS 71710, *8 (D. Haw. Apr. 19, 2024) (dismissing claims seeking to compel FBI investigation without leave to amend because amendment would be futile).

III.

**ORDER**

The court orders Petitioner to show cause, on or before **July 21, 2025**, why the court should not recommend dismissal of the claims against the FBI Defendants. If Plaintiff does not timely respond to this Order to Show Cause, the court will recommend that the District Court dismiss the claims against the FBI Defendants with prejudice.

DATED: June 20, 2025

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3